Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 86 CR 1 | **DATE** | 2/13/2004 |
| **CASE TITLE** | UNITED STATES V. PAUL FAZZINI | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Government's motion to vacate orders based on lack of jurisdiction is denied. The motion for a ruling pursuant to Circuit Rule 57 is granted. Enter Memorandum Opinion and Order.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 1 7 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 555 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| DW | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PAUL FAZZINI,

    Defendant.

No. 86 CR 1
Judge James B. Zagel

**DOCKETED**

**FEB 17 2004**

## **MEMORANDUM OPINION AND ORDER**

I have been asked to state whether I would be likely to grant a motion to dismiss on jurisdictional grounds should the Court of Appeals remand the case to me. This is a process authorized by Circuit Rule 57.

This case began as a dispute over whether a probationer can be ordered, over stated religious objections, to give a DNA sample which sample is required by an Act of Congress similar to laws passed by many states like Illinois. I addressed the merits and the loser appealed. After the case went to the Court of Appeals, the Government contends that it discovered that the probationer was not a probationer but rather a mandatory releasee. It has submitted papers to me and to the Court of Appeals to establish that fact. If this is true, then absent rules which bind the Government to its previous admission that Fazzini was a probationer, the Government is correct that I had no jurisdiction. The problem is that the evidence of the fact that he was not a probationer is not all that conclusive. There is evidence that supports the notion that he was a probationer. A hearing is needed to decide this question, and I decline to say now that I would be likely to grant the motion to dismiss for want of jurisdiction.



The Government, recognizing this, urges me to consider that the evidence does not really matter. It contends that the statutes required that Fazzini be placed on mandatory release when freed from prison. It does not matter if the papers issued by the Bureau of Prisons or another part of the government placed Fazzini on probation, the law required that he be on mandatory release and even if his papers said "probation", he was not on probation. While I would be happy to express my views on this point, I don't think I ought to do so. One pure legal issue is properly before the Court of Appeals and, that is, whether the federal statutes require that Fazzini be treated as being under mandatory release under all circumstances. If that is so, then my judgment in favor of the Government can be reversed for want of jurisdiction. If the Court of Appeals decides that the Government might waive application of the law or preclude it in some way from challenging the probation in some circumstances, then the Court of Appeals can remand for a hearing to find facts and determine law.

In short, I think the usual function of Circuit Rule 57 is to assist the Court of Appeals by asking a District Judge what the probable result of a remand might be when the facts of the case have clearly changed. I do not think that is what is occurring here. Whether the facts of the case have clearly changed is unknown without a hearing. There are viable disputes of fact. I believe, too, that Circuit Rule 57 is primarily applicable to cases in which decision on appeal might be pointless if based on facts that everyone concedes are wrong. In this case, there is no such concession. Most importantly, the core of the argument made by the Government is simply not dependent on disputed facts--it is based on pure proposition of law. The decision of the Court of Appeals will not be mooted by any newly discovered or newly apprehended evidence. If it agrees with the Government, the case will be over. If it does not, it may remand the case for

2

further findings made in light of its opinion or it may decide that jurisdiction exists and reach the merits of the DNA question. The main purpose of Circuit Rule 57 is to keep the Court of Appeals from spinning its wheels and, in this case, my view is that the Court of Appeals is not at risk of spinning its wheels.

I am not inclined, on this record, to grant the motion to revise the judgment.

ENTER:

James B. Zagel
United States District Judge

DATE: FEB 1 3 2004

3